IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Monterio Santas Neville, ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | 1:16cv441 (LO/IDD) |
| ) | |
| W. Burnett, et al., ) | |
|    Defendants. ) | |

MEMORANDUM OPINION AND ORDER

Monterio Santas Neville, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging that his rights under the Eighth and Fourteenth Amendments were violated when he was confined in segregation at the Richmond City Jail. Plaintiff has neither paid the statutory filing fee for this action nor applied to proceed in forma pauperis. After reviewing plaintiff's complaint, the claims against the defendants must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1]

I.

Plaintiff alleges that he was placed in disciplinary segregation on July 14, 2015 to serve a

---

[1] Section 1915A provides:

    (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

    (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
        (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
        (2) seeks monetary relief from a defendant who is immune from such relief.

ten-day disciplinary sentence. When the ten days passed he was not released, however, and he remained in segregation for an additional 147 days, until December 18, 2105, "without any due process." On December 18, Sergeant Basfield came to plaintiff's cell with an Institution Classification Committee ("ICC") form, and plaintiff was told that his next review would occur on March 17, 2016. Plaintiff asserts that this violated his right to due process because the Virginia State Board of Corrections requires that a review take place every thirty (30) days, and as of April 10, 2016 plaintiff had been held "under ICC" for 114 days and had yet to have a review. Plaintiff further alleges that he was "deprived of [his] liberty interest" because: 1) he was confined to an isolated cell for 24 hours a day except on Mondays, Wednesdays and Fridays when he received a fifteen-minute shower; 2) he was denied his personal property, telephone, recreation and commissary privileges; and 3) he was denied participation in educational, rehabilitative and religious programs. Compl., p. 2/2.

In a "separate claim," plaintiff alleges that the circumstances he describes also constitute cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff alleges that he had no contact with friends or family for 147 days, although Major Busby restored his monthly visits on December 18, 2015. In addition, plaintiff cannot use the telephone, and his recreation consists of walking to and from the showers on Mondays, Wednesdays and Fridays. Plaintiff names three jail officials as defendants, and as relief he seeks monetary damages and restoration of exercise opportunities.

## II.

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C.

§ 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### III.

Plaintiff's complaint in this case must be dismissed because he fails to state a claim for relief under either the Fourteenth or the Eighth Amendment. As to plaintiff's contention that his Fourteenth Amendment right to due process was abridged by his segregation, a defendant who is lawfully convicted and confined to jail loses a significant interest in his liberty for the period of that sentence. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Nevertheless, confinement does not strip inmates of all liberty interests, and the due process clause of the Fourteenth Amendment mandates procedural safeguards before an inmate can be punished by conditions so dramatically different from the basic range of constraints contemplated by his sentence. Sandin v. Conner, 515 U.S. 472, 483-84 (1995). As the Supreme Court recognized in Sandin, such liberty interests "will generally be limited to the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause by its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484. On the other hand, the protections of the due process clause do not attach unless the plaintiff was deprived of such a liberty interest. Lekas v. Briley, 405 F.3d 602, 607 (7th Cir. 2005).

3

In the wake of Sandin, courts are in agreement that "administrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest." Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995), cert. denied, 517 U.S. 1196 (1996). Courts have held repeatedly that there is no liberty interest in remaining free from brief periods of disciplinary confinement. See, e.g., Wilson v. Harper, 949 F.Supp. 714 (S.D. Iowa 1996) (six months in disciplinary detention), and cases cited at 723. Here, contrary to plaintiff's assertions, his administrative segregation does not amount to an "atypical and significant hardship... in relation to the ordinary incidents of prison life," and so does not warrant constitutional protection.

The fact that plaintiff allegedly has suffered various deprivations as a result of his segregation - that is, loss of telephone and recreation privileges and the ability to participate in educational and rehabilitative programs - does not change that result. The Fourth Circuit held in Beverati v. Smith, 120 F.3d 500, 504 (4th Cir. 1997) that an inmate's complaints of receiving no outside recreation, no clean clothes, and less food, and being confined in a cell infested with vermin were not so atypical as to create a liberty interest in avoiding such status or to mandate federal due process protections before an inmate could be moved to segregation. Additionally, courts have expressly recognized that "[t]here is no constitutional right to watch television." Murphy v. Walker, 51 F.3d 714, 718 n.8 (7th Cir. 1995); see also, Boriboune v. Litscher, 91 Fed. App'x 498, 500 (7th Cir. 2003) (loss of telephone privileges while in disciplinary segregation implicated no liberty interest and triggered no due process protection); Johnson v. Vroman, 2006 WL 1050497 at *2 (W.D. Mich. 2006) (a six-month restriction on telephone privileges does not amount to an atypical or significant hardship in relation to the ordinary incidents of prison life that would warrant due process protection). Courts that have analyzed

4

inmates' entitlement to visitation under the Sandin principles also have concluded that there exists no liberty interest in visitation while incarcerated which is adequate to trigger the due process protections of the Fourteenth Amendment. See, e.g., Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460-61 (1989) ("The denial of prison access to a particular visitor is well within the terms of confinement ordinarily contemplated by a prison sentence, therefore is not independently protected by the Due Process Clause."); Stevens v. Robles, 2008 WL 667407 at **6-7 (S.D. Cal. Mar. 7, 2008) (prisoners have no right to family visits, either independently protected by the Due Process Clause or as a liberty interest created by state laws or regulations), and cases cited. Similarly, prisoners have no due process right to participate in vocational, educational, or rehabilitative programs. Women Prisoners of Dist. of Columbia Dep't of Corr. v. Dist. of Columbia, 93 F.3d 910, 927 (D.C. Cir. 1996) (inmates do not have a constitutional right to work or educational opportunities); Groppi v. Bosco, 208 Fed. App'x 113 (3d Cir. Dec. 12, 2006) (citing Moody v. Daggett, 429 U.S. 78 (1976) for the proposition that "Congress has given prison officials full discretion to determine eligibility for rehabilitative programs, and prisoners thus have no statutory or constitutional entitlement sufficient to invoke due process").

Lastly, a state's failure to abide by its own procedural regulations before imposing disciplinary segregation or another less favorable housing assignment presents no federal due process issue, Riccio v. County of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990), and therefore is not actionable under § 1983. Here, then, plaintiff's assertion that he has failed to receive the thirty-day reviews required by the Virginia State Board of Corrections states no claim for which § 1983 relief is available, and his contention that his right to due process is violated by his segregation and consequent loss of privileges states no claim for which §1983 relief is

5

available.

Plaintiff's second claim - that his Eighth Amendment right to be free of cruel and unusual punishment is violated by his segregation - fares no better. The Eighth Amendment's constitutional limitation on the states' power to punish those convicted of crimes mandates that punishment may not be "barbarous" or in contravention of society's "evolving standards of decency." Rhodes v. Chapman, 452 U.S. 337, 345 - 46 (1981). To offend the Eighth Amendment, the deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities," id. at 347, so the Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation," or "other conditions intolerable for prison confinement." Id. at 348. Because the deprivations described by plaintiff here do not constitute "barbarous" punishment, they do not run afoul of the Eighth Amendment. See, e.g., Overton v. Bazzetta, 539 U.S. 126, 137 (2003) (holding that withdrawal of visitation privileges for a limited period did not violate the Eighth Amendment); Iswed v. Caruso, 2009 WL 230137 at *2 (W.D. Mich. Jan. 29, 2009) ("The right to use a telephone ... does not fall within the 'minimal civilized measures of life's necessities' described by the Court in Rhodes," so a prison restriction on telephone privileges does not implicate the Eighth Amendment); accord, Perez v. Fed. Bureau of Prisons, 229 Fed. App'x 55, 57 (3d Cir. 2007) (no Eighth Amendment claim stated by denial of telephone privileges). Thus, plaintiff's second claim is subject to dismissal pursuant to § 1915A.

Accordingly, it is hereby

ORDERED that this action be and is DISMISSED WITH PREJUDICE for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1); and it is further

ORDERED that plaintiff is advised that, pursuant to 28 U.S.C. § 1915(g),[2] this dismissal may affect his ability to proceed in forma pauperis in future civil actions; and it is further

ORDERED that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act.

To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to send of copy of this Memorandum Opinion and Order to plaintiff and to close this civil case.

Entered this 26 day of May 2016.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge

---

[2] 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.